IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHRISTOPHER WILLIS | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | No. 15-5378 |
| | : | |
| CYNTHIA LINK | : | |
| *SUPERINTENDENT*, et al. | : | |

# ORDER

AND NOW, this 21st day of March, 2019, upon careful and independent consideration of Petitioner Christopher Willis's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and Respondents' response thereto, and after de novo review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, Willis's objections thereto, it is ORDERED:

    1.    Willis's objections (Document 24) are OVERRULED. [1]

---

[1] On September 29, 2015, Petitioner Christopher Willis filed a 28 U.S.C. § 2254 petition challenging his state court conviction for the first-degree murder of Terrance Barron and related offenses. On October 21, 2016, Magistrate Judge Timothy Rice issued a Report & Recommendation (R&R) recommending this Court deny Willis's petition with prejudice, and refrain from issuing a certificate of appealability. Willis objects to the R&R's conclusions as to each of his nine habeas claims. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objections are made." Having concluded this review, the Court will adopt the R&R in its entirety and writes only to address two of Willis's objections.

    In Willis's second objection, he contends trial counsel was constitutionally ineffective for failing to object to the Judge's reading of the title of the "identification testimony, accuracy not in doubt" jury charge to the jury. He supplements his argument in support of this objection by citing to the Third Circuit's decision in *Bey v. Superintendent Greene SCI*, which was decided after he was denied post-conviction relief in state court and Magistrate Judge Rice issued the R&R. 856 F.3d 230 (3d Cir. 2017). In that case, the Third Circuit found trial counsel was constitutionally ineffective by failing to object when the state trial court incorrectly instructed the jury that it "may not accept" eyewitness identification testimony "with caution," instead of instructing the jury it "need not accept" certain eyewitness testimony "with caution." *Id.* at 243. The Court reasoned that the difference between the two instructions "is the difference between telling the jurors that they *must* accept identification and telling them that they *may* accept the testimony without reservation, but they need not do so." *Id.* at 235 (emphasis in original). Willis

argues his trial counsel was similarly ineffective when he failed to object after the trial judge read the title of the "identification testimony, accuracy not in doubt" jury instruction to the jury. *See* N.T. 2/2/09 139:18-19.

The Court finds that *Bey* is unavailing. As an initial matter, a state court decision contrary to *circuit precedent* does not satisfy 28 U.S.C. § 2254(d)(1), which states that habeas relief is appropriate where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *See Renico v. Lett*, 559 U.S. 766, 778-79 (2010) (noting a circuit court's interpretation of federal law "does not constitute 'clearly established federal law, as determined by the Supreme Court.'") (quoting 28 U.S.C. 2254(d)(1)). Thus, even if the state courts reviewing Willis's conviction had the benefit of *Bey* (which they did not), a decision contrary to *Bey* would not entitle Willis to relief.

The Court also finds *Bey* to be factually distinguishable. *Bey* addressed a misread jury instruction, which, as the Third Circuit noted, "relieved" the prosecution "of its burden of proving that Bey was the shooter beyond a reasonable doubt." The same cannot be said of the instructions given in Willis's case. Although Willis's trial judge read the title of the instruction as, "identification testimony, accuracy not in doubt," N.T. 2/2/09 139:18-19, the judge quickly followed it with instructions on how the jury should evaluate that identification testimony, *id.* 139:25-140:13. The instruction concluded with the judge's admonition that the jury "should consider all the circumstances under which the identifications were made" and "all the evidence relative to the question of who committed the crime." *Id.* 140:15-19. These instructions leave the question of credibility to the jury and did not relieve the prosecution of any burden. Thus, the instructions are distinguishable from those given in *Bey*, and that decision's reasoning is inapposite here. Willis's objection to the contrary is, therefore, overruled.

Willis's fifth objection attacks the R&R's conclusion that his counsel's failure to call certain witnesses did not provide him with ineffective assistance of counsel. In his petition, Willis advances a layered claim for habeas relief based on trial counsel's failure to call at trial his aunt, Tanya Willis-Singh, and Bruce Jones, an associate of William Flournoy, the eye-witness who placed Willis at the murder, and his Pennsylvania state Post Conviction Relief Act (PCRA) counsel's subsequent failure to present adequate evidence of their missing testimony during the PCRA proceedings. Willis raised the underlying ineffective assistance of trial counsel claim before the Pennsylvania Superior Court, which rejected it. As to Willis-Singh, the Superior Court determined that Willis was not entitled to relief because he failed to establish Willis-Singh's availability to testify. Opp'n to Habeas Pet. Ex. B at 25. As to Jones, the Superior Court found that Willis failed to establish Jones "was available at the time [Willis's] trial was taking place, that this testimony would have made a different in [Willis's] verdict and that trial counsel was even aware of the witness's existence." *Id.* Relying on these findings, the R&R found Willis's claims as to each of the potential witnesses to be without merit. The Court agrees but writes to provide a more fulsome explanation.

A federal court may only grant § 2254 habeas relief if the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law," or is "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, which requires a petitioner to establish that counsel's conduct fell below "an objective standard of reasonableness," and that the deficiency resulted in actual prejudice to the petitioner. *Werts v. Vaughn*, 228 F3d 178, 203 (3d Cir. 2000) (citing *Strickland*, 466 U.S. 668, 687-88 (1984)).

The Superior Court's decision as to Willis-Singh did not contravene or unreasonably apply clear federal law, nor did it rely upon an unreasonable determination of the facts. The petition appears to put at issue the Superior Court's application of *Commonwealth v. Chmiel*, 889 A.2d 501, 545-46 (Pa. 2005), which sets out a five element test to determine whether counsel's failure to call a witness deprived the defendant of his Sixth Amendment right to effective assistance—a test not used by federal courts. The Superior Court found that Willis failed to establish at least two of the required *Chmiel* elements: that Willis-Singh existed and that she was available to testify at the trial. Opp'n to Habeas Pet. Ex. B at 26. Willis argues not unconvincingly that the Third Circuit has questioned whether such showings are appropriate in light of a defendant's right to secure witnesses by compulsory process. *Grant v. Lockett*, 709 F.3d 224, 239 n.10 (3d Cir. 2013); *Gregg v. Rockview*, 596 F. App'x 72, 76 n.4 (3d Cir. 2015).

Nevertheless, the Court declines Willis's invitation to address the propriety of Pennsylvania's specific test for ineffective assistance of counsel claims based on failing to call witnesses because Willis has not established that counsel's failure to call Willis-Singh was prejudicial under *Strickland*—the standard *federal* courts apply to ineffective assistance of counsel claims requiring a showing that had counsel acted differently, "it is reasonably likely the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). As the R&R points out, the letter proffered by Willis shows that Willis-Singh's testimony would have corroborated the trial testimony of Willis's grandmother, Regina Willis. *See generally* Habeas Pet. 49-51; N.T. 1/30/09 20:4-70:11. Moreover, this Court's comparison of Willis-Singh's putative testimony to the transcript of Regina Willis's actual trial testimony does not yield any material differences or elaboration that would have been helpful to Willis. As a result, Willis has failed to establish Willis-Singh's absence resulted in prejudice sufficient to create a reasonable likelihood the outcome of his trial would have been different.

The Court reaches a similar conclusion as to Jones. The Superior Court found that trial counsel's failure to call Jones at trial did not warrant relief under *Chmiel* because Jones's affidavit "does not provide that Bruce [Jones] was available at the time [of Willis's trial], that this testimony would have made a difference in [Willis's] verdict and that trial counsel was even aware of the witness's existence." Opp'n to Habeas Pet. Ex. B at 27. The Court need not square the application of *Chmiel* with *Grant* and *Gregg* in this context, either, because Willis has not raised a viable *Strickland* claim.

As an initial matter, Willis has failed to establish that counsel's failure to call Jones to testify fell below an "objective standard of reasonableness," an assessment requiring the Court to "indulge a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (internal quotation marks omitted). Jones's affidavit states that William Flournoy, the eye witness upon whose testimony the Commonwealth's case was built, told Jones "he knows it was not Chris [Willis] [who shot Terrance Barron] but didn't want to get locked up for lying to the police," and that Jones, in his own right, knew Willis was neither of the two men seen fleeing the scene of the murder because "he saw [their] faces very clear[ly] and [knew] for a fact that it was not Chris." Habeas Pet. 52. Clearly, such testimony would have been helpful to Willis.

Nevertheless, Jones's affidavit is also unequivocal about his and Flournoy's use of crack cocaine on the night of the murder—an issue Willis's trial counsel used to attack Flournoy's credibility. *See id.*; N.T. 2/2/09 19:9-25. Putting Jones on the stand would have blunted the force of this attack by putting defense counsel in the awkward position of having to ask the jury to

credit the testimony of one admitted crack user (Jones) and disregard the testimony of another crack user (Flournoy) on the basis of his drug use. Considered in this way, the Court finds that counsel's decision not to call Jones—even assuming counsel was able to locate him (a question whose answer is not entirely clear based on the evidence before the Court)—may have been a reasonable trial strategy. It may also have been a reasonable trial strategy not to call Jones because Jones's affidavit actually corroborates Flournoy's testimony that he was in the house at the time of the shooting. *See* Habeas Pet. 52 ("Two men was selling CRACK COCAINE out of Will's (William Flournoys) house and he told me to walk him there so he could get us some more . . . So I went with him and I was waiting for him . . . for like 10 minutes, then I heard gun shots."). Thus, Willis has not established that trial counsel's failure to call Jones fell below an objective standard of reasonableness. As a result, the Superior Court's decision that Willis was not deprived the effective assistance of counsel was not an unreasonable application of federal law or based on unreasonable determination of the facts.

Moreover, the Superior Court's decision should not be disturbed for another reason: it is not clear that Willis suffered prejudice sufficient to warrant relief under *Strickland*, which, as noted above, requires Willis to show that had counsel called the witness, the verdict is reasonably likely to have been favorable. In making this assessment, the Court must consider the strength of the evidence at trial. *Buehl v. Vaughn*, 166 F.3d 163, 172 (3d Cir. 1999) (holding that a court may consider the strength of the evidence *against* a defendnt when assessing whether the *Strickland* prejudice prong has been satisfied). "A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006). Courts may also consider the credibility of the missing witness in making this assessment. *Tokley v. Ricci*, 541 F. App'x 168, 172 (3d Cir. 2013); *Johnson v. Fisher*, No. 13-4758, 2016 WL 5076123, at *5-6 (E.D. Pa. Sept. 20, 2016) (collecting cases for the proposition that a court may consider the credibility of a witness whom counsel failed to call to determine prejudice under *Strickland*).

On its face, Jones's affidavit suggests his testimony might have cast at least some doubt on Flournoy's testimony, which was the only direct evidence linking Willis to Barron's murder and the cornerstone of the Commonwealth's case. However, Willis has not shown that Jones's testimony would have been so damaging as to have been reasonably likely to have caused a different verdict. The Court reaches this conclusion based on several aspects of the affidavit.

As an initial matter, the affidavit is clear that Jones and Flournoy were using crack cocaine for "hours" on the evening in question, *and* several days later, when Flournoy allegedly confessed to Jones that he had mistakenly identified Willis. Habeas Pet. 52. This, of course, weakens the credibility of Jones's putative testimony by raising questions about his ability to perceive the events he recounts in his affidavit, *as well as* the accuracy of Flournoy's exculpatory confession. Moreover, the affidavit fails to explain how Jones was able to view the faces of the two men running from Flournoy's home "very clear[ly]" in the early morning darkness—without being seen—while Jones was simultaneously fleeing Flournoy's house. *Id.* Although the Court cannot say it is impossible that Jones was perceptive enough to remember, years later, the faces of two men he saw through the darkness, while fleeing for his life after hours of drug use, the Court is not persuaded that such testimony would have been credible enough to cast doubt on the outcome of Willis's trial. Finally, as noted above, Jones's affidavit actually corroborates certain aspects of Flournoy's testimony, including that Flournoy was inside the house when Barron was murdered. For these reasons, the Court finds that even had Jones testified, his testimony would

2. The Report and Recommendation (Document 19) is APPROVED and ADOPTED.

3. Willis's Petition (Document 1) is DENIED with prejudice and DISMISSED without an evidentiary hearing.

4. Willis having failed to make a substantial showing of the denial of a constitutional right, or that reasonable jurists would disagree with this Court's determination, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

have been unlikely to alter the outcome of the trial. As a result, Willis has also failed to establish actual prejudice sufficient to warrant relief under *Strickland*, and the Superior Court's decision to that effect did not violate 28 U.S.C. § 2254(d).

Willis's additional objections do not warrant much additional analysis because they are repetitive of arguments the R&R addressed. His first and fourth objections repeat arguments made in his petition, and the Court, after de novo review, adopts the R&R's analysis and conclusions. His third, six, and ninth objections, in which Willis merely states his displeasure with the R&R and requests plain error review, are overruled because the Court discerns no such error. His seventh and eight objections are overruled because the underlying claims are procedurally defaulted, and the Court agrees with the R&R's determination that their procedural default cannot be excused under *Martinez v. Ryan*, 556 U.S. 1, 14 (2012), because they are meritless.

In sum, the Court adopts the R&R in its entirety and will dismiss Willis's petition with prejudice. The Court also finds that there is no probable cause to issue a certificate of appealability in this case because jurists of reason would not disagree with this Court's decision, and Willis has failed to make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).